# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br><br>WALTER AGOSTO ALGARIN<br><br>Debtor | CASE NO. 11-06929(ESL)<br><br>CHAPTER 13 |

## OBJECTION TO CONFIRMATION OF
## CHAPTER 13 PLAN DATED AUGUST 17, 2011

**TO THE HONORABLE COURT:**

By counsel, secured creditor Banco Santander Puerto Rico (hereinafter BSPR) very respectfully represents and prays as follows:

1. On August 17, 2011 debtor filed the bankruptcy petition of caption and his proposed Chapter 13 plan. Dk. No. 1 and Dk. No. 2 respectively.

2. Debtor's proposed plan (Dk. No. 2) proffers to pay his mortgage loan arrears to BSPR thru the plan and to continue making regular direct payments for said loan to BSPR. See, Dk. No. 2.

3. BSPR hereby objects to the confirmation of debtor's proposed plan (Dk. No. 2) for the following reasons:

   a. Debtor has failed to continue making its regular direct payments to BSPR as provided for in his proposed Chapter 13 Plan. Dk. No. 2. At present, debtor has not paid his mortgage loan installments to BSPR for the months of September and October 2011. As such, debtor has already failed to comply with the terms and conditions of his proposed plan, which shows that said plan is not feasible and demonstrates debtor's inability to comply with the same.

Therefore, debtor's proposed plan fails to comply with section 1325(a)(6) of the Bankruptcy Code.

b. Debtor's proposed Chapter 13 plan (Dk. No. 2) has no chance of being confirmed, as debtor does not explain the source of his expected income increase within one year of the order of relief. The aforementioned will allegedly allow debtor to pay $2,000.00 monthly to the Chapter 13 Trustee. Thus, the proposed plan would not be feasible pursuant to section 1325(a)(6).

c. Debtor's proposed plan would not pay BSPR's claim in full during the life of the plan and debtor does not have any obligation to continue making payments after the plan is concluded, as his personal liability for BSPR's claim was discharged in his previous bankruptcy case under Chapter 7 [Case No. 09-07084(ESL)] and the property serving as collateral to BSPR has no equity. Thus, depriving BSPR of adequate protection and failing to comply with section 1325(a)(5), as BSPR does not accept the proposed plan. See, Debtor's Schedule A and BSPR's secured claim # 2 filed by BSPR.

d. Debtor fails to provide for several junior liens on his residential property; See, attached title search. Thus, failing to comply with section 1325(a)(5)

e. Debtor's proposed plan is insufficiently funded, as the plan base will not be sufficient to pay the total of $98,963.48 in pre-petition arrears on debtor's mortgage loan with BSPR plus a 100% with 6% interest distribution to general

unsecured creditors.[1] See, Debtor's proposed plan (Dk. No. 2) and BSPR's claim #2. Thus, the proposed plan fails to comply with section 1325(a)(5).

f.  Debtor's petition and plan were not filed in good faith, when taking into account the following elements:

   1.  Debtor fails to show the substantial change in his financial affairs as evidence that his proposed chapter 13 plan will be confirmed and fully complied with. Regarding the foregoing, it must be noted that debtor's schedules in his prior bankruptcy filing, which was completed the moth prior to the filing of the case of caption, show no disposable income without having to pay his mortgage loan to BSPR. Now, he allegedly has a $300.00 disposable income while making his regular mortgage loan payments to BSPR and his disposable income is expected to increase to $2,000.00 monthly from the 13th payment of his plan on. It must also be noted, that debtor was granted a Chapter 7 discharge of BSPR's claim in case number 09-07084(ESL) the month prior to the filing of the case of caption.

   2.  Debtor has substantial arrears in its mortgage loan payments to BSPR (56 monthly installments, plus costs, attorneys fees and other expenses);

---

[1] It must be underscored that debtor only made payments for the first 2 years and four months and has failed to make a single payment to his mortgage loan with BSPR since. The loan was originated in July 2004 and at present seven (7) years have elapsed since its inception.

3. Debtor was never current in his mortgage payments to BSPR all throughout the pendency of this previous bankruptcy petition number 09-07084(ESL);[2]

4. Debtor filed his current petition on the eve of the foreclosure sale of BSPR's collateral for the sole purpose of delaying the foreclosure process, while proposing a Chapter 13 plan that has no chance of being confirmed for the reasons stated hereinabove. See, attached notice of foreclosure sale scheduled for August 23, 2011. As per the foregoing, debtor fails to comply with sections 1325(a)(3) and (7) of the Bankruptcy Code.

5. Debtor's proposed plan would not pay BSPR's claim in full during the life of the plan and debtor does not have any obligation to continue making payments after the plan is concluded, as his personal liability for BSPR's claim was discharged in his previous bankruptcy case under Chapter 7 [Case No. 09-07084(ESL)].

g. Finally, its must be informed that the meeting of creditors of the case of caption and pursuant to section 341 of the Bankruptcy Code was never conducted. See, Minutes of Meeting of Creditors, Dk. No. 18.

4. In view of the above, BSPR hereby requests from this Honorable Court to **DENY** confirmation of debtor's proposed Chapter 13 plan dated August 17, 2011 (Dk. No. 2) with any other remedy that it deems just and proper.

---

[2]Debtor even failed to keep current with his post-petition mortgage payments as provided in his Chapter 13 confirmed plan for his prior bankruptcy petition. See, Dk. No. 35 of Case No. 09-07084(ESL)

**WHEREFORE**, it is respectfully requested from this Honorable Court to **DENY** confirmation of debtor's proposed Chapter 13 plan dated August 17, 2011 (Dk. No. 2) with any other remedy that it deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on this 19st day of October, 2011.

**CERTIFICATE OF SERVICE:** I hereby certify that this document was electronically filed with the Clerk of the U.S. Bankruptcy Court for the District of Puerto Rico using the CM/ECF filing system which will send an electronic notification to the **US Trustee Office**, to **Roberto Figueroa Carrasquillo, Esq.**, Counsel for Debtor, to **Alejandro Oliveras Rivera, Esq.**, Standing Chapter 13 Trustee and to all other registered parties. A copy of this document was also sent via First Class Mail to **Mr. Walter Luis Agosto Algarín**, Suite 273 Box 4956, Caguas, Puerto Rico 00725.

**LUIS M. SUAREZ LOZADA**
**LAW OFFICES**
Counsel for Banco Santander Puerto Rico
P.O. Box 192333
San Juan, Puerto Rico 00919-2333
Phone:(787)296-4299
Facsimile:(787)763-0818
e-mail: suarez@caribe.net
**/S/Luis M. Suárez Lozada**
USDC-PR 209712

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE CAGUAS

BANCO SANTANDER PUERTO RICO
    DEMANDANTE
    VS.
AGOSTO ALGARIN, WALTER
    DEMANDADO

CASO:E CD2007-0398
SALON:0404

COBRO DE DINERO
EJECUCION DE HIPOTECA
CAUSAL/DELITO

LIC. RIVERA GRAU RAMON B
PO BOX 251
CAGUAS PR

00726

## NOTIFICACION DE SENTENCIA

EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO SENTENCIA EN EL CASO DE EPIGRAFE CON FECHA 12 DE MARZO DE 2008 , QUE HA SIDO DEBIDAMENTE REGISTRADA Y ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA, DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIJO A USTED ESTA NOTIFICACION, HABIENDO ARCHIVADO EN LOS AUTOS DE ESTE CASO COPIA DE ELLA CON FECHA DE 01 DE ABRIL DE 2008 .

RIVERA SANABRIA IRMARYS
TORRE SANTANDER
SAN JUAN PR

221 AVE PONCE DE LEON STE 1406
00917-1814

AGOSTO ALGARIN, WALTER
URB HACIENDA BORINQUEN
CAGUAS PR

703 CALLE ALMENDRO
00725

CARDONA HOMS, MARITZA
URB HACIENDA BORINQUEN
CAGUAS PR

703 CALLE ALMENDRO
00725

CAGUAS, PUERTO RICO, A 01 DE ABRIL DE 2008

CARMEN I. GARCIA PEREZ
-------------------------------------
                SECRETARIO
POR: ADA M CARRION CARRASQUILLO
-------------------------------------
          SECRETARIO AUXILIAR

O.A.T.-704-NOTIFICACION DE SENTENCIA
TELETRIBUNALES:(787)759-1888/ISLA, LIBRE DE COSTO(787)1-877-759-1888

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE CAGUAS**

| | |
|---|---|
| **BANCO SANTANDER PUERTO RICO**<br><br>Demandante<br><br>VS.<br><br>**WALTER AGOSTO ALGARIN, MARITZA CARDONA HOMS**, ambos por sí y en representación de la Sociedad Legal de Gananciales compuesta entre ambos.<br><br>Demandados | **CIVIL NUM. ECD 2007-0398 (404)**<br><br>SOBRE:<br><br>**COBRO DE DINERO, EJECUCION DE PRENDA
EJECUCION DE HIPOTECA POR LA VIA ORDINARIA** |

### SENTENCIA

Banco Santander Puerto Rico radicó la demanda del presente caso de cobro de dinero, ejecución de prenda y ejecución de hipoteca por la vía ordinaria en contra de Walter Agosto Algarín, Maritza Cardona Algarín y la Sociedad Legal de Gananciales compuesta entre ambos. Constando de los autos, Banco Santander Puerto Rico emplazó personalmente a la parte demandada, el 31 de marzo de 2007.

La parte demandada contestó la demanda el 4 de junio de 2007. No obstante lo anterior, la parte demandante Banco Santander Puerto Rico radicó moción en solicitud de que se dictara sentencia sumaria en su favor por entender que no existía controversias reales sobre hechos materiales.

Así las cosas, vista la Moción en solicitud de sentencia sumaria radicada por Banco Santander de Puerto Rico y los documentos anejados a la misma entendemos que no existe controversia real sobre hechos materiales y estamos en posición de resolver por no existir razón u obstáculo alguno que nos impida ello.

### I. CONCLUSIONES DE HECHO:

1. El 15 de julio de 2004, los Demandados Walter Agosto Algarín y Maritza Cardona Homs tomaron un préstamo de Santander Mortgage Corporation por la suma de $198,345.80

2. La suma principal de $198,345.80 tomada a préstamo devengaría intereses a razón del 6.5% anual y debía repagarse en plazos mensuales y consecutivos de $1,253.68 comenzando el día primero de septiembre de 2004 hasta el primero de enero de 2034.

3. Al momento de tomar el préstamo, y para garantizar la obligación descrita anteriormente, la parte Demandada firmó el Pagaré en el que se establecen los términos y condiciones de la obligación.

4. Banco Santander Puerto Rico es el legítimo tenedor por endoso de dicho pagaré.

5. El pagaré estaba garantiazado por la escritura de hipoteca número 268, otorgada el 15 de julio de 2004, ante el Notario Orlin P. Goble suscrita por los demandados Walter Agosto Algarín y su esposa Maritza Cardona Homs.

6. La hipoteca en garantía del Pagaré por $198,345.80 con sus intereses fue presentada al Registro de la Propiedad e inscrita al Folio 205 del Tomo 1692 de Caguas, Finca 57665, inscripción 2nda y última.

7. La hipoteca recae sobre la propiedad que se describe a continuación:

>—URBANA: Solar radicado en la Urbanización Hacienda Borinquén, situada en el Barrio Tomás de Castro, Jurisdicción de Caguas, Puerto Rico, que se describe en el plano de inscripción de la Urbanización con el número, área y colindancias que se relacionan a continuación:
>
>—NÚMERO DEL SOLAR: Tres (3) Bloque "G" (G-3).
>
>—AREA DEL SOLAR: Trescientos treinta y dos punto setenta y dos metros cuadrados (332.70 mc)
>
>—EN LINDES: Por el Norte, en una distancia de veinticuatro punto cero cero (24.00 m) metros lineales con el solar número dos (2) del Bloque "G" de la Urbanización; por el Sur, en veinticuatro punto setenta y tres (24.73) metros lineales, con el solar número cuatro (4) del bloque "G" de la Urbanización; por el Este, en una distancia de ocho punto noventa y seis

metros (8.96 m) metros en arco y dos punto setenta y cinco metros (2.75 m) con la Calle Almendro de la Urbanización; y por el Oeste, en siete punto ochenta y nueve metros (7.89 m) y ocho punto diez metros (8.10 m) con los solares catorce (14) y quince (15) del Bloque "G" de la Urbanización.

----Enclava estructura dedicada a vivienda

8. El último pago mensual hecho por el Demandado fue el 30 de noviembre de 2006, y con posterioridad a tal fecha no ha realizado pago alguno.

9. La parte Demandada adeuda dichas cantidades de dinero a pesar de estar vencidas, ser líquidas y exigibles.

### III. SENTENCIA

Tratándose este caso de una reclamación sobre cobro de dinero, y no tratándose este caso de un menor o persona incapacitada, y a instancia de la parte Demandante se dicta Sentencia en contra de Walter Agosto Algarín, Maritza Cardona Homs y la Sociedad Legal de Gananciales compuesta entre ambos, condenándole a pagar a la parte Demandante las sumas que se describen a continuación:

| | |
|---|---|
| Principal | $193,354.06 |
| Intereses | $ 1,253.68 |
| Demoras | $ 855.51 |
| Honorarios | $ 19,834.58 |
| Total | $215,297.83 |

A partir del 4 de octubre de 2007, estas cantidades continúan devengando a razón del 6.5% de la tasa de interés anual.

De no efectuarse el pago de las referidas cantidades y una vez sea final y firme esta sentencia, se ordena al Alguacil a vender en pública subasta la propiedad afecta por el pagaré dado en prenda, para con su producto satisfacer las cantidades adeudadas. En el caso de dicho producto aún no fuese suficiente para el pago total de la deuda, se orden que los demandados sean responsables con cualquier bien presente o futuro de su propiedad.

Una vez firme esta Sentencia se librará el correspondiente Mandamiento de Ejecución para satisfacer la misma.

**REGISTRESE Y NOTIFIQUESE.**

DADA en Caguas, P.R., hoy 12 de marzo de 2008.

_____
AYXA REY DIAZ
JUEZ SUPERIOR



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE CAGUAS

| | |
|---|---|
| BANCO SANTANDER PUERTO RICO<br><br>*Demandante*<br><br>Vs.<br><br>WALTER AGOSTO ALGARIN, MARITZA CARDONA HOMS, POR SI Y EN REPRESENTACION DE LA SOCIEDAD LEGAL DE BIENES GANANCIALES<br><br>*Demandados* | CIVIL NUM. ECD2007-0398 (404)<br><br>SOBRE:<br><br>EJECUCIÓN DE HIPOTECA POR LA VÍA ORDINARIA; COBRO DE DINERO |

ESTADOS UNIDOS DE AMERICA )
EL PRESIDENTE DE LOS EE. UU. ) SS:
EL ESTADO LIBRE ASOCIADO DE PR )

## AVISO DE VENTA EN PÚBLICA SUBASTA

Yo, IBMARIE COLÓN GASSO ~~Alguacil Auxiliar 908~~, Alguacil del Tribunal de Primera Instancia, Sala Superior de Caguas, a la parte demandada y al público en general les notifico que, cumpliendo con un Mandamiento que se ha librado en el presente caso por el Secretario del Tribunal de epígrafe con fecha 3 de marzo de 2011, y para satisfacer la Sentencia dictada en el caso de autos fechada 12 de marzo de 2008, notificada el 1 de abril de 2008, procederá a vender el día 23 de agosto de 2011, a las 10:00 de la AM, en mi oficina, localizada en el Tribunal de Primera Instancia, Sala Superior de Caguas, al mejor postor en pago de contado y en moneda de los Estados Unidos de América todo título, derecho o interés de la parte demandada sobre la siguiente propiedad:

---URBANA: Solar radicado en la Urbanización Hacienda Borinquén, situada en el Barrio Tomas de Castro, Jurisdicción de Caguas, Puerto Rico, que se describe en el plano de inscripción de la Urbanización con el número, área y colindancias que se relacionan a continuación:---------

---Número del solar: tres (3) Bloque "G" (G-3).--------------------------------

---Área del solar: trescientos treinta y dos punto setenta y dos metros cuadrados (332.72 mc).--------------------------------

---En lindes por el NORTE, en una distancia de veinticuatro punto cero cero metros (24.00 m) con el solar dos (2) del Bloque "G" de la Urbanización; por el SUR, en veinticuatro punto setenta y tres metros (24.73 m) con el solar cuatro (4) del Bloque "G" de la Urbanización; por el ESTE, en ocho punto noventa y seis metros (8.96 m) en arco y dos punto setenta y cinco metros (2.75 m) con la Calle Almendro de la Urbanización; y por el OESTE, en siete punto ochenta y nueve metros (7.89 m) y ocho punto diez metros (8.10 m) con los solares catorce (14) y quince (15) del Bloque "G" de la Urbanización.--------------------------------

---Enclava una estructura dedicada a vivienda.--------------------------------

---Esta afecto a servidumbre a favor de Puerto Rico Telephone Company.-

*Banco Santander Puerto Rico vs. Walter agosto Algarín, et al.*
*Civil Núm. ECD2007-0398 (404)*
*"Aviso de Venta en Pública Subasta"*
Página 2

---Consta inscrita al Folio Doscientos Cinco (205) del Tomo Mil Seiscientos Noventa y Dos (1,692) de Caguas. Finca Número Cincuenta y Siete Mil Seiscientos Sesenta y Cinco (57,665). Registro de la Propiedad de Puerto Rico, Sección Primera (I) de Caguas.--------------

Que con el importe de dicha venta se habrá de satisfacer a la parte demandante las cantidades adeudadas, según la Sentencia dictada en el caso de epígrafe, por el Tribunal de Primera Instancia, Sala Superior de Caguas.

La primera subasta se llevará a cabo el día _23_ de _agosto_ de _2011_, a las _10:00_ de la _AM_, en la cual el tipo mínimo será de $198,345.80. De no haber adjudicación en la primera subasta se celebrará una segunda subasta, el día _30_ de _agosto_ de _2011_, a las _3:30_ de la _PM_, en el mismo lugar, en la cual el tipo mínimo será de dos terceras (2/3) partes del tipo mínimo fijado en la primera subasta, o sea, la cantidad de $132,230.52. De no haber adjudicación en la segunda subasta se celebrará una tercera subasta, el día _6_ de _Sept._ de _2011_, a las _2:30_ de la _PM._, en el mismo lugar, en la cual el tipo mínimo será la mitad (1/2) del tipo mínimo fijado en la primera subasta, o sea, la cantidad de $99,172.90.

**A la Propiedad le afecta el siguiente gravamen:**

Hipoteca en garantía de un pagaré a favor de Santander Mortgage Corporation, o a su orden, por la suma principal de CIENTO NOVENTA Y OCHO MIL TRESCIENTOS CUARENTA Y CINCO DOLARES CON OCHENTA CENTAVOS ($198,345.80), con intereses al seis y medio por ciento (6 ½%) anual, vencedero el día 1ro de agosto de 2034, constituida mediante la escritura número 268, otorgada en San Juan, Puerto Rico, el día 15 de julio de 2004, ante el notario Orlin P. Globle, e inscrita al folio 205 del tomo 1692 de Caguas, finca número 57,665, inscripción segunda (2da).

**A la propiedad le afectan los siguientes gravámenes posteriores:**

Embargo Federal, contra Walter Agosto, Seguro Social XXX-XX-3814, notificación número 177341604, presentado el día 28 de junio de 2004, por la suma de $6,201.67, anotado al folio 121, Asiento 2, del libro de Embargos Federales número 3.

Embargo a favor de Estado Libre Asociado de Puerto Rico, en la suma de $18,580.15, por concepto de contribución sobre ingresos, según certificación, del día 16 de enero de 2008, presentado el día 23 de enero de 2008 y anotado el día 3 de marzo de 2008, al folio 205 del tomo 1692 de Caguas, Finca Número 57,665. (Anotación A).

Anotado también al folio 93 orden número 367 del Libro de Embargos del Estado Libre Asociado de Puerto Rico número 44 de Caguas.

Embargo a favor del Estado Libre Asociado de Puerto Rico, en la suma de $19,869.28, por concepto de contribución sobre ingresos, según certificación, del día 9 de septiembre de 2009, presentado el día 10 de septiembre de 2009 y anotado el día 27 de

*Banco Santander Puerto Rico vs. Walter agosto Algarin, et al.*
*Civil Núm. ECD2007-0398 (404)*
*"Aviso de Venta en Pública Subasta"*
*Página 3*

octubre de 2009, al folio 205 del tomo 1692 de Caguas, Finca Número 57,665. (Anotación B).

Anotado también al folio 122 orden número 476 del Libro de Embargos del Estado Libre Asociado de Puerto Rico número 44 de Caguas.

Se le advierte a los licitadores que la adjudicación se hará al mejor postor, quien deberá consignar el importe de su oferta en el mismo acto de la adjudicación en moneda de curso legal de los Estados Unidos de Norteamérica, y para conocimiento de la parte demandada y de toda(s) aquella(s) persona(s) que tenga (n) interés inscrito con posterioridad a la inscripción de los gravámenes que se están ejecutando, que los mismos serán eliminados del Registro de la Propiedad, y para conocimiento de los licitadores y el público en general, y para su publicación en un periódico de circulación general, una vez por semana durante el termino de dos (2) semanas consecutivas con un intervalo de por lo menos siete (7) días entre ambas publicaciones, y para su fijación en tres (3) lugares públicos del municipio en que ha de celebrarse la venta, tales como, la Alcaldía, el Tribunal y la Colecturía, y se le notificará además a la parte demandada y a su abogado o abogada vía correo certificado con acuse de recibo siempre que haya comparecido al pleito. Si el (la) deudor (a) por Sentencia no comparece al pleito, la notificación será enviada vía correo certificado con acuse de recibo a las últimas direcciones conocidas. Se les advierte a todos los interesados que todos los documentos relacionados con la presente acción de ejecución de hipoteca, así como la de la subasta, estarán disponibles para ser examinados en la Secretaría del Tribunal.

Se entenderá que todo licitador acepta como bastante la titulación y que las cargas y gravámenes anteriores y los preferentes, si los hubiere al crédito de ejecutante, continuarán subsiguientes entendiéndose que el rematante los acepta y queda subrogado en la responsabilidad de los mismos, sin destinarse a su extinción el precio del remate.

Y para conocimiento de la parte demandada, de los acreedores posteriores, de los licitadores, partes interesadas y público en general, expido el presente Aviso para su publicación en los lugares públicos correspondientes.

Librado en Caguas, Puerto Rico, a _____ de 2 5 APR 2011 de 2011.

IRMARIE COLÓN MAZSO
Alguacil Auxiliar 903

_____
ALGUACIL

Subasta                    5120
00084199-2        03/21/2011
                         $25.00
       Sello Rentas Internas
50251-2011-0321-69074228



# Capital Title
SERVICES, INC.

## ESTUDIO

**CLIENTE** : RIVERA-MUNICH, ELIZA & HERNANDEZ LAW OFFICES PSC  27,639

**RE** : / WALTER AGOSTO ALGARIN/
ZULMARIE DELGADO/ / HIPOTECARIO /

**FINCA** : Número 57,665, inscrita al folio 205 del tomo 1,692 de Caguas.
Registro de la Propiedad de Puerto Rico, Sección I de Caguas.

### DESCRIPCION:

URBANA: Solar radicado en la Urbanización Hacienda Borinquen, situada en el Barrio Tomás de Castro, Caguas, Puerto Rico, marcado con el número 3 del bloque G, con una cabida de 332.72 metros cuadrados. En lindes por el **NORTE**, en 24.00 metros, con el solar 2 del bloque G de la Urbanización; por el **SUR**, en 24.73 metros, con el solar 4 del bloque G de la Urbanización; por el **ESTE**, en 8.96 metros en arco y 2.75 metros con la Calle Almendro de la Urbanización; y por el **OESTE**, en 7.89 metros y 8.10 metros, con los solares 14 y 15 del bloque G de la Urbanización. Enclava una casa.

### ORIGEN REGISTRAL:

Se segrega de la finca número 13,347, inscrita al folio 66 del tomo 1679 de Caguas.

### PLENO DOMINIO:

Consta inscrito al folio 205 del tomo 1692 de Caguas, a favor de **Walter Luis Agosto Algarín y su esposa Maritza Cardona Homs**, quienes lo adquirieron por segregación, liberación y compraventa de Desarrollos Nacionales Urbanos, Inc., por precio de $198,345.00, mediante la escritura número 513, otorgada en San Juan, Puerto Rico, el día 15 de julio de 2004, ante la notario María Isabel García Mantilla, finca número 57,665, inscripción 1ra.

### GRAVÁMENES:

i. Por su procedencia está afecta a:

   a. Servidumbre a favor de la Autoridad de Energía Eléctrica de Puerto Rico.

   b. Servidumbre a favor de la Puerto Rico Telephone Company.

   c. Servidumbre a favor del Estado Libre Asociado.

   d. Condiciones restrictivas.

ii. Por sí está afecta a:

   a. Hipoteca en garantía de un pagaré a favor de Santander Mortgage Corp., o a su orden, por la suma principal de $198,345.00, con intereses al 6 ½% anual, vencedero el día 1ro. de agosto de 2034, constituida mediante la escritura número 268, otorgada en San Juan, Puerto Rico, el día 15 de julio de 2004, ante el notario Orlín P. Goble, e inscrita al folio 205 del tomo 1692 de Caguas, finca número 57,665, inscripción 2da.

b. Embargo Federal, contra Walter Agosto, seguro social XX-XX-3814, notificación número 177341604, presentado el día 28 de junio de 2004, por la suma de $6,201.67, anotado al folio 121, Asiento 2, del libro de Embargos Federales número 3.

c. Embargo a favor del Estado Libre Asociado de Puerto Rico, en la suma de $18,580.15, por concepto de contribución sobre ingresos, según certificación, del día 16 de enero de 2008, presentado el día 23 de enero de 2008 y anotado el día 3 de marzo de 2008, al folio 205 del tomo 1692 de Caguas, finca número 57,665. (Anotación A).

Anotado también al folio 93 orden número 367 del Libro de Embargos del Estado Libre Asociado de Puerto Rico número 44 de Caguas.

d. Embargo a favor del Estado Libre Asociado de Puerto Rico, en la suma de $19,869.28, por concepto de contribución sobre ingresos, según certificación, del día 9 de septiembre de 2009, presentado el día 10 de septiembre de 2009 y anotado el día 27 de octubre de 2009, al folio 205 del tomo 1692 de Caguas, finca número 57,665. (Anotación B).

Anotado también al folio 122 orden número 476 del Libro de Embargos del Estado Libre Asociado de Puerto Rico número 44 de Caguas.

**REVISADOS:**

Registro de Embargos del ELA, incluyendo los de la Ley número 12 del 20 de enero de 2010; Contribuciones Federales, Sentencias, Bitácora Ágora y Electrónica.

**NOTA:** Esta Sección tiene establecido un sistema computadorizado de Bitácoras. No nos hacemos responsables por errores y/u omisiones que cometa el Empleado del Registro en la entrada y búsqueda de datos en el mismo.

This document is not a commitment to insure nor a Title Insurance Policy and should not be relied upon as such. For protection, Purchaser and Lender should require a Title Insurance Policy. If this document is used by someone other that the party requesting it, said person does so assuming any and all risks and liabilities. No title company other than the Title Security, Inc., is authorized to rely on this title study to issue a Title Insurance Commitment and/or Policy. Capital Title Services, Inc., is not liable to other title companies for error or omissions in this title report. ANY TITLE COMPANY OTHER THAN THE TITLE SECURITY GROUP, INC. THAT RELIES ON THIS TITLE STUDY TO ISSUE A TITLE COMMITMEN AND/OR INSURANCE POLICY DOES SO ASSUMING ANY AND ALL RISKS AND LIABILITIES. THE LIABILITY OF CAPITAL TITLE SERVICES, INC. IN CONNECTION WITH THIS TITLE REPORT IS LIMITED TO THE AMOUNT PAID FOR THIS TITLE REPORT ONLY WITH RESPECT TO THE CLIENT REFERRED TO IN THE HEADER OF THIS TITLE REPORT.

Este documento no es un compromiso para asegurar ni una póliza de Seguro de Título, por lo cual no ofrece seguridad alguna. Para obtener protección, debe requerir una póliza de Seguro de Título. Si este documento es utilizado por alguien que no sea el solicitante, lo hace bajo su propio riesgo y responsabilidad. Ninguna compañía de título que no sea The Title Security Group, Inc. está autorizada a utilizar este estudio para expedir una póliza de seguro de título. Capital Title Services, Inc., no es responsable ante otras compañías de título por errores u omisiones en este estudio de título. TODA COMPAÑÍA QUE NO SEA THE TITLE SECURITY GROUP, INC. QUE UTILICE ESTE ESTUDIO DE TITULO PARA EXPEDIR UNA POLIZA DE SEGURO DE TITULO, LO HACE BAJO SU PROPIO RIESGO Y RESPONSABILIDAD. LA RESPONSABILIDAD DE CAPITAL TITLE SERVICES, INC., ESTA LIMITADA A LA CANTIDAD PAGADA POR EL ESTUDIO DE TITULO Y SOLO CON RESPECTO AL CLIENTE DE REFERENCIA EN EL ENCABEZADO DE ESTE ESTUDIO DE TITULO.

**Capital Title Services, Inc.**

POR: *Ramón F. Gómez Marcos*
15 de febrero de 2011
LR/ab/f